United States District Court
Northern District of California

UNITED STATES OF AMERICA,
            Plaintiff,
       v.
HARVEY LEE CLANTON,
            Defendant.

Case No.: CR 13-00272-JSW (KAW)

ORDER OF RELEASE PENDING DISPOSITION OF SUPERVISED RELEASE VIOLATION

On November 5, 2013, a hearing was held on the Government's motion to detain Defendant Harvey Lee Clanton pending his supervised release violation hearing. Defendant, who was not in custody, was present and represented by Assistant Public Defender Edward Smock. Special Assistant United States Attorney Amanda Beck appeared on behalf of the Government. Probation Officer Emily Libby was also present. For the reasons stated below, the Court orders Defendant released pending the disposition of his supervised release violation.

**I. BACKGROUND**

On December 15, 2003, Defendant was sentenced to 108 months in custody and five years of supervised release for armed robbery and aiding and abetting (Class B felony) and using and carrying a concealed firearm during a crime of violence (Class A felony) in the U.S. District Court for the Eastern District of Pennsylvania. On April 25, 2013, after Defendant's release from prison, the jurisdiction of his case was transferred to the Northern District of California.

Since being transferred to this district, Defendant has sustained one Form 12 petition. On September 13, 2013, Defendant's probation officer filed a petition alleging that Defendant violated the conditions of his supervised release by committing a state, local, or federal crime, by associating with a person convicted of a felony, and by failing to timely file his monthly reports.

U.S. District Judge Jeffrey S. White signed the Form 12, issuing a summons for the offender to appear in court before the duty Magistrate Judge.

On September 27, 2013, Defendant made his initial appearance on the Form 12 before the undersigned. At that hearing, neither Probation nor the Government sought Defendant's detention. Noting that Defendant had appeared pursuant to a summons, Defendant was permitted to remain out of custody pending resolution of the supervised release violation subject to the original conditions of his supervised release.

On November 1, 2013, the district court held an initial appearance on the supervised release violation. At the hearing, the Government requested a bail review hearing, which was later scheduled for November 5, 2013 before the duty Magistrate Judge. The Court notes that Probation was not seeking Defendant's detention, because Defendant has been cooperating with his Probation Officer. At the hearing, the Government explained that it was now seeking Defendant's detention after coming into possession of additional, material facts not known at the September 27 hearing—including Defendant's presentence report from Pennsylvania—that show that Defendant has an extensive and uninterrupted criminal history. The Government was also unaware at the time of Defendant's initial appearance that he had pleaded no contest to being an accessory after the fact in a burglary on September 23, 2013, four days earlier.

## II. LEGAL ANALYSIS

Defendant's sentence for the Class A felony included a five year term of supervised release pursuant to 18 U.S.C. § 3583(b). In so ordering, the U.S. District Court for the Eastern District of Pennsylvania imposed conditions of supervision, including drug testing and the standard conditions that he not commit another crime, associate with any person convicted of a felony, and that he file timely monthly reports.

Since Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143. Despite the alleged violations of his supervised release as set forth above, Defendant has never missed a court appearance, even

RELEASE ORDER
CR 13-00272-JSW (KAW) 2

though he is aware that his supervised release may be revoked, and that he could be remanded into custody.

Despite Defendant's lengthy criminal history, some of which were crimes of violence, this is his first violation notice since the transfer of his supervision to the Northern District in April 2013. Despite the recent violations and Defendant's no contest plea in state court, Probation informed the Court that it was not seeking detention, because Defendant is currently employed and otherwise complying with the terms of his release, and is cooperating with Probation. In fact, Defendant has been employed in some capacity since being transferred to the Northern District, is currently working as a driver for Lyft, and is testing negative for drugs, while out of custody. Defendant also appears to be making positive changes, as he has moved thousands of miles away from Pennsylvania, where he was raised, and where he sustained all of his previous criminal convictions. He is also currently involved in a serious relationship, is earning a paycheck and paying bills for the first time in his life, and is even sending money to his daughter in Pennsylvania to help support his infant grandchild.

At the hearing, defense counsel provided clarification regarding Defendant's recent plea in state court. On September 23, 2013, Defendant entered a plea of no contest for accessory after the fact in a burglary committed by Lonnie Lillard. Mr. Lillard was Defendant's roommate at the Residential Re-Entry Center, where the two men became friends and frequently prayed together, as they share the Muslim faith. On August 12, 2013, Mr. Lillard asked Defendant to give him a ride, and Defendant obliged, completely unaware that Mr. Lillard had just burglarized an auto parts store. Defense counsel stated that in his investigation of the guilty plea, he had spoken with Mr. Lillard, who admitted that Defendant had no knowledge that he had committed a burglary, and only found out what had happened when his vehicle was being pulled over by law enforcement. Based on his actions as an accessory after the fact, Defendant pleaded no contest and was sentenced to five years of probation and time served to avoid a significantly longer sentence had he proceeded to trial, which would have been based on his extensive criminal history.

RELEASE ORDER
CR 13-00272-JSW (KAW)  3

Under the Sentencing Guidelines, Defendant is facing between 21 and 27 months in custody for the pending supervised release violation. Defense counsel stated that supervised release violations may result in a downward departure from the Guidelines, so that exposure is not necessarily indicative of the sentence Defendant will ultimately receive. Regardless, Defendant does not appear to be a flight risk, as he regularly appears in court despite the possibility of detention, so there is no indication that he will not appear at his December 5, 2013 court date before the district judge.

Defendant been out of custody on this matter since September 27, 2013 without incident. He is cooperating with his Probation Officer, who is not seeking detention, and has taken strides to become a contributing member of society. Therefore, the Court finds that Defendant has shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community, and any danger to the community can be mitigated by his current conditions of supervised release pending resolution of the supervised release violation petition.

For the reasons set forth above, the Court orders Defendant released pursuant to his current conditions of supervised release pending resolution of the Form 12.

IT IS SO ORDERED.

DATED: November 7, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

RELEASE ORDER
CR 13-00272-JSW (KAW) 4